UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL J. DANIELS,

    Plaintiff,

v.                                                            CASE NO. 8:17-cv-1513-T-23AEP

SECURITIES AND EXCHANGE
COMMISSION,

    Defendant.
_____/

## **ORDER**

Alleging that a Securities and Exchange Commission administrative proceeding violates Article II and the Fifth and Seventh Amendments, Michael J. Daniels sues (Doc. 1) the SEC for declaratory and injunctive relief. Daniels moves (Doc. 3) for a temporary restraining order to "[enjoin] the Commission from carrying out an administrative proceeding against the Plaintiff including but not limited to any subpoena requiring the Plaintiff to testify in Miami, Florida on July 3, 2017." (Doc. 3 at 2) Daniels states that "the Commission has deposed all other individuals that are friends and family of the Plaintiff in Tampa, Florida or by telephonic means." (Doc. 1 at 3).

The SEC's Rules of Practice permit subpoenaing a person and establish the procedure through which the person can request quashing or modifying the subpoena. Under Section 201.232(e)(1), the person must request within fifteen days of service of the subpoena that an SEC administrative law judge quash or modify the

subpoena.* If an administrative law judge denies the requested relief, the person must appeal to the SEC. If the SEC affirms the administrative law judge's denial, 15 U.S.C. § 78y(a)(1) permits appealing only to a United States Court of Appeals. In the Securities Exchange Act, "Congress sought to foreclose district court review of administrative proceedings." *Hill v. Securities and Exchange Commission*, 825 F.3d 1236, 1242 (11th Cir. 2016). Because Daniels fails to allege the exhaustion of an administrative remedy, because a district court cannot quash or modify an SEC subpoena issued under the SEC's Rules of Practice, and because Daniels fails to comply with Local Rule 4.05,** the motion (Doc. 3) for a temporary restraining order is **DENIED**.

ORDERED in Tampa, Florida, on June 30, 2017.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

* Section 201.233(i)(1) states that "[a]n objection to an error or irregularity in a deposition notice is waived unless promptly served in writing on the party giving the notice." Neither Daniels's complaint nor his motion for a temporary restraining order allege or argue that Daniels timely objected to the deposition notice.

** Local Rule 4.05(b)(2) states that a motion for a temporary restraining order "must be supported by allegations of specific facts shown in the verified complaint or accompanying affidavits . . . not only that the moving party is threatened with irreparable injury, but that such injury is so imminent that notice and a hearing on the application for preliminary injunction is impractical if not impossible." Under Local Rule 4.05(b)(4), a motion for a temporary restraining order must address the likelihood of success on the merits and "the irreparable nature of the threatened injury and the reason that notice cannot be given." Daniels fails to allege facts demonstrating that the purported irreparable injury is "so imminent" that providing the SEC with notice and a hearing is "impractical, if not impossible."